FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLINTON HECK, | No. 2:19-cv-05033-SAB |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| JAMES KEY, JAMES FUNNEMARK, and JANET NELSON, | |
| Defendants. | |

Before the Court are Plaintiff's Motions for Summary Judgment, ECF No. 23, and Defendants' Cross-Motion for Summary Judgment, ECF No. 27. The motions were heard without oral argument. Plaintiff is proceeding *pro se*. Defendants are represented by Assistant Attorney General Timothy J. Feulner.

Plaintiff Clinton Heck, a prisoner in the custody of the Washington State Department of Corrections, is bringing a claim under 42 U.S.C. § 1983, seeking injunctive relief and monetary damages because of alleged denial of the right to petition the government for redress of grievances.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1**

matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). An issue of material fact is genuine if there is sufficient evidence of a reasonable jury to return a verdict for the non-moving party. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). If the moving party meets its initial burden, the non-moving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The parties must support assertions by citing to particular parts of the record or show that the materials cited do not establish the absence or presence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c). However, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see also Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. When parties file simultaneous cross-motions for summary judgment, the court reviews each motion and the appropriate evidentiary material identified in support of the motion separately, giving the nonmoving party

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2**

for each motion the benefit of all reasonable inferences. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017).

## Plaintiff's Claim

Plaintiff alleges that he was denied the opportunity to file a PRP in order to challenge the loss of earned release time that was taken during his placement in the Stafford Creek Corrections Center (SCCC) Intensive Management Unit (IMU). Plaintiff asserts that he lost 10 days during December 2017 and January 2018. Plaintiff maintains he was up against the one-year deadline to file a PRP and because of Defendants' actions he was unable to meet the deadline.

## Access to Courts

Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "[A]ccess to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." *Id*. at 384 (quotation omitted). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

The right of access is not unlimited. Rather, it is limited to complaints in direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. Moreover, the right of access to courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S 403, 415 (2002).

In a backward-looking claim, where, as here, the prisoner is arguing loss of a meritorious suit that cannot now be tried, the plaintiff must show: 1) the loss of a nonfrivolous or arguable underlying claim; 2) official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3**

available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), *overruled on other grounds by Hurst v. Phillips*, 555 U.S. 1150 (2009).

To have standing to bring such a claim, plaintiff must allege he suffered an actual injury. *Lewis*, 518 U.S. at 351-52; *Vandelft v. Moses*, 31 F.3d 794, 798 (9th Cir. 1994). "'Actual injury' is defined as a 'specific instance in which an inmate was actually denied access to the courts.'" *Vndelft*, 31 F.3d at 798.

**Facts**

On February 28, 2018, Plaintiff, a prisoner in the custody of the Washington State Department of Corrections (DOC), was transferred to the Airway Heights Corrections Center (AHCC), a DOC facility in Airway Heights, Washington. He was classified as medium custody. While at the AHCC from February 28, 2018 until January 15, 2019, Plaintiff was found guilty of four infractions: (1) introducing or transferring any unauthorized drug or drug paraphernalia; (2) possessing or receiving a positive test for use of an unauthorized drug, alcohol, or intoxicating substance, (3) refusing a cell or housing assignment; and (4) being in an area where the presence of the offender is unauthorized.

On April 6, 2018, Plaintiff was placed in the Special Management Unit (SMU), a short-term segregation unit, pending an investigation into allegations that Plaintiff was introducing contraband into the prison through a visitor. AHCC staff confiscated methamphetamine that the visitor had in her possession and the visitor admitted that she had conspired with Plaintiff to introduce methamphetamine into the facility. Plaintiff was infracted and found guilty on April 17, 2018. He was released back into the general population on that day.

On August 27, 2018, Plaintiff was placed in the SMU pending investigation and was released back to general population on August 31, 2018.

On October 11, 2018, Plaintiff was terminated from the Therapeutic Community Long-Term Treatment program. Plaintiff was told that he was going to be transferred to the Washington Corrections Center (WCC) in Shelton,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4**

Washington. Plaintiff stated that he could not be housed at WCC. After staff verified that he had no reason that he could not be housed at WCC, he was placed in the SMU pending an investigation and infracted. He was found guilty of this infraction and on November 16, 2018 was released to general population after his Custody Facility Plan was approved.

On December 12, 2018, Plaintiff was placed in the SMU for investigation into him refusing a bed assignment. He was housed in the SMU from December 12, 2018 until January 15, 2019.

On December 14, 2018, Plaintiff requested legal books, legal materials and other resources to file a Personal Restraint Petition (PRP) in order to challenge the loss of 10 days of earned release time. Defendant James Funnemark denied the request because Plaintiff had not been in SMU for 30 days, pursuant to DOC Policy 590.500.[1]

On December 18, 2018, Plaintiff again requested access to the law library, legal books, PRP forms and legal materials. Defendant Funnemark denied his request.

On December 21, 2018 Plaintiff spoke with Defendant Funnemark and explained to him that Plaintiff was facing a deadline to file his PRP. He asked for

---

[1] Under SMU and AHCC policy, inmates who are housed on the SMU have more limited access to legal materials. ECF No. 31. If an inmate has a verifiable court deadline, the inmate can access his personal legal documents/papers from the Law Library. *Id.* If the inmate does not have a verifiable deadline and has not been in the SMU for at least 10 days, they do not have access to their legal property. *Id.* After 10 days, the inmate can obtain copies of their personal legal materials and also send kites to the Law Librarian for answers to general questions. *Id.* After 30 days, the inmate can have access to limited legal books materials, and various paperwork/forms from the Law Library. *Id.*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5**

priority access. Defendant Funnemark again denied his request.

On December 26, 2018, Defendant Funnemark received two kites from Plaintiff in which he asked for the Black's Law Dictionary and the Brief Bank Index. Defendant Funnemark denied Plaintiff's request.

On December 27, 2018, Plaintiff filed a kite in which he stated that he had a deadline in a specific case. Defendant Janet Nelson concluded that he had no mandated deadlines.

On January 8, 2019, Plaintiff requested copies and a large manilla envelope to mail out his personal legal documents to the court and his request was denied.

Prior to his time in the SMU in December 2018, Plaintiff filed two PRPs in November 2018. He had asked for PRP packets and had received them. During his placement in the SMU in December 2018, Plaintiff filed a PRP with the Washington courts. The PRPs were signed by Plaintiff while he was housed in the SMU. During his time at AHCC in 2018 and 2019, Plaintiff accessed the Law Library five times while he was housed in the general population. Plaintiff never filed a PRP raising the claims regarding the lost of his 10 days of good time.

**Analysis**

Here, a reasonable jury would not conclude that Plaintiff suffered an actual injury to prove his access to court claim. The record demonstrates that Plaintiff had adequate opportunities to file the PRP prior to his placement in the SMU on December 12, 2018. Also, the record indicates that Plaintiff was able to file another PRP while in the SMU in December 2018. Finally, there is nothing in the record that suggests that Plaintiff ever attempted to file a PRP on the issue that he claims he wanted to raise. As such, summary judgment in favor of Defendants is appropriate because no reasonable jury would find in favor of Plaintiff.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 23, is **DENIED**.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6**

2. Defendants' Motion for Summary Judgment, ECF No. 27, is **GRANTED**.

3. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward a copy to Plaintiff and counsel and close the file. The Court finds that an appeal of this Order would not be taken in good faith.

**DATED** this 16th day of December 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7**